ELADIO MEJÍA, Plaintiff and Appellant, *v.* GENEROSO MOURIÑO
ET AL., Defendants and Appellees.

No. 9591.   Argued January 13, 1948.—Decided April 23, 1948.

*Aníbal Padilla* for appellant.   *Enrique Tristani* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

On November 24, 1937, the defendant spouses Generoso
Mouriño and Juana Nicot were owners of an urban property
which they acquired at a tax sale held by the People of
Puerto Rico against Juan Turell.   They sold the property
to Liborio Arce by deed of September 16, 1941 and on April
9, 1946 the latter sold it back to the defendants who in turn,
sold it to plaintiff on that same day.

When Arce purchased the property he presented his title
to the Registry of Property but withdrew it without any
entry being made because defendants had not recorded their
title and the property remained under the name of Turell.
Plaintiff also tried to record his title but was unable to do so,
because the property was not recorded in the name of the
vendors.   On this ground plaintiff filed an action of rescission
of sale and compensation for damages.

The lower court found that when Mouriño and his
wife sold the property to the plaintiff there was no repre-
sentation to the effect that it was recorded in favor of the
vendors.   On the contrary, it found that when the plaintiff
purchased the property he knew that it was not recorded in
favor of the vendors and that certain requisites had to be

fulfilled before he could record his title. Even if plaintiff did not personally know this fact, he could have learned the necessary information from the registry and the law presumes conclusively that he had knowledge of the fact.

The complaint was dismissed after a hearing on its merits. The plaintiff appealed.

█ As it may be seen from the statement of facts, all that appellant had to do was to present the former titles in the registry in order to comply with the provisions of § 20 of the Mortgage Law.

Referring to cases where the property sold is encumbered without it being mentioned in the deed of conveyance, which case is certainly stronger than the one at bar which merely involves the omission of former records of titles, § 1372 of the Civil Code provides:

"If the estate sold should be encumbered by any nonapparent burden or easement, not mentioned in the instrument, of such a nature that it must be presumed that the vendee would not have acquired it had he been aware thereof, he may request the rescission of the contract, unless he should prefer the proper indemnity.

"During a year, to be counted from the date of the execution of the instrument, the vendee may either institute the rescissory action or request the indemnity.

"After the lapse of one year, he can only demand such indemnity within an equal period, to be counted from the date on which the encumbrance or easement was discovered by him."

Explaining the corresponding § 1483 of the Spanish Civil Code, Manresa says that if the encumbrance or the nonapparent easement is recorded in the Registry of Property, the purchaser may easily know the condition of the property sold to him and if he suffers any damages he should blame only himself for his negligence. The commentator adds that in such case, that is, when the encumbrance appears from the registry, the purchaser shall not be entitled either to the rescission of the contract or to any indemnity. Manresa, *Comentarios al Código Civil Español,* Vol. 10 (2nd ed. 1908)

page 221. See also Scaevola, *Código Civil*, vol. 23, page 599 and Judgment of the Supreme Court of Spain of April 8, 1893, *Jur. Civil*, vol. 95, pages 597, 614.

If the purchaser is not entitled to any rescission or compensation in cases where encumbrances are recorded in the Registry of Property, with much less reason may he obtain those reliefs in a case, like this, which merely involves the omission to record former titles.

Judgment is affirmed.